IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60226
Summary Calendar
_____

NIHAD RAHMOUN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-955-431

--------------------
January 3, 2003

Before BARKSDALE, DeMOSS, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nihad Rahmoun petitions for review of the final order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's order denying his motion to reopen deportation proceedings. He argues that the Board of Immigration Appeals erred in finding that his motion to reopen was untimely.

Since the Board of Immigration Appeals conducted a review of the record and did not adopt the decision of the Immigration Judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in this matter, review is limited to the Board of Immigration Appeals's decision. *See Carbajal-Gonzales v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). This court conducts a *de novo* review of the Board of Immigration Appeals's legal rulings, but will defer to the Board of Immigration Appeals's interpretation of immigration regulations if the interpretation is reasonable. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

The Immigration Judge's authority to reopen is by regulation. Specifically, 8 C.F.R. § 3.23, entitled "Reopening or Reconsideration Before the Immigration Court," provides that an Immigration Judge "may upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision." The Board of Immigration Appeals, in failing to rule on the Immigration Judge's findings with regard to the motion and in finding that Rahmoun's motion was untimely, effectively read out of 8 C.F.R. § 3.23 the Immigration Judge's inherent power to *sua sponte* reopen an immigration proceeding at any time. Such a reading of 8 C.F.R. § 3.23 is unreasonable. *Lopez-Gomez*, 263 F.3d at 444. Accordingly, Rahoum's petition for review is GRANTED and the matter is VACATED and REMANDED to the Board of Immigration Appeals so the Board of Immigration Appeals can address whether the Immigration Judge erred in failing to *sua sponte* reopen the immigration proceeding on the grounds advanced by Rahmoun.

PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.

G:\screener\02-60226.opn.wpd